Citation Nr: 1801832 
Decision Date: 01/10/18 Archive Date: 01/23/18

DOCKET NO. 13-35 775 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Pittsburgh, Pennsylvania


THE ISSUES

1. Entitlement to an initial compensable rating for cholecystectomy residuals.

2. Entitlement to service connection for gastroesophageal reflux disease (GERD).

3. Entitlement to service connection for an acquired psychiatric disorder, claimed as depression.

4. Entitlement to service connection for a right knee disability.

5. Entitlement to service connection for a left knee disability.

6. Entitlement to service connection for a respiratory disorder, claimed as reactive airway disease, to include as due to asbestos exposure.

7. Entitlement to service connection for allergic rhinitis.

8. Entitlement to service connection for residuals of fractured ribs.

9. Entitlement to service connection for residuals of right eye trauma.

10. Entitlement to service connection for hemorrhoids.

11. Entitlement to service connection for a skin disability, claimed as tinea pedis, tinea corpis, and tinea cruris.

12. Entitlement to service connection for bilateral hearing loss.


REPRESENTATION

Veteran represented by: John S. Kamarados, Attorney


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

L. S. Kyle, Associate Counsel


INTRODUCTION

The Veteran served on active duty from July 1986 to December 1991 and from November 1994 to April 2009.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a September 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Pittsburgh, Pennsylvania.

This matter was previously before the Board in December 2015, when it was remanded for further development. The Veteran appeared at a hearing before the undersigned in December 2014. 

The issues of service connection for GERD, an acquired psychiatric disorder, a bilateral knee disability, hemorrhoids, and a respiratory disability are addressed in the REMAND portion of the decision below and are REMANDED to the AOJ.


FINDING OF FACT

In a January 2017 written statement, the Veteran withdrew his appeal of the initial rating assigned for cholecystectomy residuals and the denials of service connection for allergic rhinitis, residuals of fractured ribs, residuals of right eye trauma, bilateral hearing loss, and a skin disability.


CONCLUSION OF LAW

The criteria for withdrawal of an appeal by the Veteran have been met. 38 U.S.C. § 7105(b)(2), (d)(5) (2012); 38 C.F.R. § 20.204 (2017).


REASONS AND BASES FOR FINDING AND CONCLUSION

The Board may dismiss any appeal that fails to allege a specific error of fact or law in the determination being appealed. 38 U.S.C. § 7105. An appeal may be withdrawn as to any or all issues involved in the appeal at any time before the Board promulgates a decision. 38 C.F.R. § 20.204(a). Withdrawal may be made by the appellant or by his or her authorized representative on the record during a hearing before the Board or in writing. 38 C.F.R. § 20.204(b). A written withdrawal must include the name of the appellant, the file number, and a statement that the appeal is withdrawn. Id.

Here, the Veteran submitted a written statement in January 2017 withdrawing the appeals of the initial rating assigned for cholecystectomy residuals and the denials of service connection for allergic rhinitis, residuals of fractured ribs, residuals of right eye trauma, bilateral hearing loss, and a skin disability. The January 2017 written statement meets the requirements for a written withdrawal, as it includes the Veteran's name, file number, and a statement that the appeals are withdrawn. Accordingly, the Board finds that the Veteran has clearly and unambiguously withdrawn the appeal of the initial rating assigned for cholecystectomy residuals and the denials of service connection for allergic rhinitis, residuals of fractured ribs, residuals of right eye trauma, bilateral hearing loss, and a skin disability.


ORDER

The appeals of the initial rating assigned for cholecystectomy residuals and the denials of service connection for allergic rhinitis, residuals of fractured ribs, residuals of right eye trauma, bilateral hearing loss, and a skin disability are dismissed.


REMAND

VA has a duty to ensure any medical examination or opinion it provides is adequate. Barr v. Nicholson, 21 Vet. App. 303, 312 (2007) (overruled on other grounds, Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013)). An opinion that is based on an incorrect factual premise is inadequate. Reonal v. Brown, 5 Vet. App. 458, 461 (1993); see also D'Aries v. Peake, 22 Vet. App. 97, 104 (2008).

Here, a January 2016 VA examiner provided a negative opinion regarding the Veteran's service connection claim for an acquired psychiatric disorder, stating there is no evidence the Veteran has ever been diagnosed as having a psychiatric disorder. This statement is factually incorrect as private treatment records show the Veteran has been diagnosed as having depressive disorder, not otherwise specified. The validity of this diagnosis must be addressed for an opinion to be deemed adequate. See Romanowsky v. Shinseki, 26 Vet. App. 289 (2013).

Similarly, a February 2016 VA examiner, who provided a negative opinion regarding the Veteran's service connection claim for GERD, indicated there is no evidence the Veteran was treated for GERD or GERD-like symptoms in service. However, service treatment records confirm the Veteran was treated for GERD or GERD-like symptoms in service. A June 2003 entry in the Veteran's service treatment records specifically references increased GERD symptoms. Thus, a new opinion that considers evidence related to in-service treatment for GERD must be obtained.

The February 2016 VA examiner also provided a negative opinion regarding the Veteran's service connection claim for hemorrhoids. The February 2016 VA examiner acknowledged the Veteran had hemorrhoids in 2008 shortly before his separation from service, but determined the Veteran did not have hemorrhoids at the time of the examination or at any point since his separation from service. Yet, in December 2017, VA received new private treatment records that show treatment for hemorrhoids in the appeal period. The finding of a current disability at any point in the appeal period is sufficient to support a grant of service connection. See McClain v. Nicholson, 21 Vet. App. 319 (2007). As such, a new opinion regarding the Veteran's service connection claim for hemorrhoids is necessary.

The Board also finds a new examination is necessary regarding the Veteran's service connection claim for a bilateral knee disability. The February 2016 VA examiner determined the diagnosis of bilateral degenerative joint disease (DJD) noted in private treatment records is not supported by imaging studies conducted by VA. The Board notes the specific radiographs relied upon by the February 2016 VA examiner as the basis for this opinion were conducted in June 2009, almost one year prior to the DJD diagnosis by the Veteran's private provider, J.L., M.D. The Board finds new imaging studies should be conducted in efforts to confirm the DJD diagnosis, as it could potentially support a grant of service connection on a presumptive basis under 38 C.F.R. § 3.307.

Clarification is also needed regarding the February 2016 VA opinion addressing the Veteran's service connection claim for a respiratory disability. The February 2016 VA examiner noted the Veteran's spirometry and lung volumes are consistent with mild restrictive lung disease. The February 2016 VA examiner did not provide a nexus opinion specifically addressing restrictive lung disease and rather only addressed reactive airway disease, as claimed by the Veteran. Although the Veteran specifically claimed service connection for reactive airway disease, the scope of his claim includes any respiratory disability that is reasonably encompassed by his reported symptomatology. See Clemons v. Shinseki, 23 Vet. App. 1, 5-6 (2009). Thus, a nexus opinion addressing restrictive lung disease is necessary.

Accordingly, the case is REMANDED for the following action:

1. Schedule the Veteran for a new psychiatric examination, preferably with an examiner other than the January 2016 psychiatric examiner, to obtain an opinion addressing his service connection claim for an acquired psychiatric disorder.

The selected examiner must review the claims file and answer the following questions:

a) Has the Veteran at least as likely as not (50 percent or greater probability) met the diagnostic criteria for a psychiatric disorder at any point in the appeal period (i.e., since April 2009), even if such disorder has resolved? If it is determined the Veteran has not met the diagnostic criteria for a psychiatric disorder at any point in the appeal period, an explanation must be provided as to why the diagnosis of depressive disorder, not otherwise specified, reflected in treatment records during the appeal period is not valid a diagnosis.

b) Is it at least as likely as not (50 percent or greater probability) that any psychiatric disorder present in the appeal period had its onset during or is otherwise related to the Veteran's service?

The examiner is advised the Veteran is competent to report his symptoms and history, and such reports must be specifically acknowledged and considered in formulating any opinion. If the examiner rejects the Veteran's reports, he or she must provide a reason for doing so.

The examination report must include a complete rationale for all opinions provided.

2. Schedule the Veteran for a new esophageal conditions examination, preferably with an examiner other than the examiner who conducted the February 2016 esophageal conditions examination, to obtain an opinion addressing his service connection claim for GERD.

The selected examiner must review the claims file and state whether the Veteran's currently diagnosed GERD is at least as likely as not (50 percent or greater probability) the result of disease or injury in service. In providing this opinion, the selected examiner must comment on the relevance of service treatment records from June 2003 that reference increased GERD symptoms.

The examiner is advised the Veteran is competent to report his symptoms and history, and such reports must be specifically acknowledged and considered in formulating any opinion. If the examiner rejects the Veteran's reports, he or she must provide a reason for doing so.

The examination report must include a complete rationale for all opinions provided.

3. Schedule the Veteran for a new rectum and anus conditions examination to obtain an opinion addressing his service connection claim for hemorrhoids.

The selected examiner must review the claims file and state whether the Veteran has or has had hemorrhoids at any point in the appeal period (i.e., since April 2009) that are at least as likely as not (50 percent or greater probability) the result of disease or injury in service. In providing this opinion, the examiner must comment on the relevance of private treatment records received since the previous examination in February 2016 that document treatment for hemorrhoids.

The examiner is advised the Veteran is competent to report his symptoms and history, and such reports must be specifically acknowledged and considered in formulating any opinion. If the examiner rejects the Veteran's reports, he or she must provide a reason for doing so.

The examination report must include a complete rationale for all opinions provided.

4. Schedule the Veteran for a new knee and lower leg conditions examination to obtain an opinion addressing his service connection claim for a bilateral knee disability. New imaging studies must be conducted in conjunction with the examination to determine the presence of degenerative joint disease, as noted in private treatment records in early 2010.

The selected examiner must review the claims file and state whether the Veteran has a bilateral knee disability that is at least as likely as not (50 percent or greater probability) the result of disease or injury in service.

The examiner is advised the Veteran is competent to report his symptoms and history, and such reports must be specifically acknowledged and considered in formulating any opinion. If the examiner rejects the Veteran's reports, he or she must provide a reason for doing so.

The examination report must include a complete rationale for all opinions provided.

5. Request an addendum from the examiner who conducted the February 2016 respiratory conditions examination. The examiner must be asked to supplement the initial examination report with a nexus opinion specifically addressing restrictive lung disease. The addendum must include a complete rationale for the opinion provided. If the February 2016 examiner is not available, obtain an etiology opinion on restrictive lung disease from another qualified medical professional.

6. Readjudicate the issues on appeal. If any benefit sought on appeal remains denied, issue a supplemental statement of the case. Then, return the case to the Board, if otherwise in order.

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (2012).




______________________________________________
M. HYLAND
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs